UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROTHER SUNDIATA
SHU EL BEY

    Plaintiff,

v.                                      CASE No. 8:16-CV-1038-T-27TGW

TAMPA BAY DOWNS

    Defendant.
_____

REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 5). The plaintiff alleges that the defendant's termination of his employment for engaging in sexual harassment was unlawful (Doc. 1). Because the pleading is procedurally and substantively deficient, I recommend that the plaintiff's complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing

fee, and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). Initially, it is noted that the plaintiff lists in his application that his average monthly income was $4,100 (Doc. 5, p. 1), with total monthly expenses of $1,094 (id., p. 5). Therefore, based on this affidavit, the plaintiff has failed to show that he is unable to pay the filing fee.

Regardless, the plaintiff's complaint is a rambling 17-page document replete with non-sensical and irrelevant allegations that does not comply with the Federal Rules of Civil Procedure. See Rules 8(a), 10(b), F.R.Civ.P. For example, it clearly does not contain a short and plain statement of the claim, as it asserts multiple allegations that have no basis in the governing law, such as the violation of the "Moorish American Zodiac Constitution," and the plaintiff includes information regarding his purported DNA and heritage that is irrelevant (Doc. 1, pp. 2, 9). More significantly, the federal legal predicate for his contention that it was unlawful for the defendant to terminate his employment for sexual harassment is absent. The

plaintiff does not allege a violation of any federal statute governing employment discrimination. Further, he does not allege that he was fired due to a protected characteristic. While he does allege that he was denied due process because the defendant did not conduct a proper investigation before firing him for sexual harassment, the Due Process Clauses do not govern the conduct of the defendant, a private party.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies

with the Federal Rules of Civil Procedure. The plaintiff must also include a supplement explaining his purported inability to pay the filing fee.

Respectfully submitted,

*[signature]*

DATED: JUNE /3, 2016

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.